UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

MALIK TYSON,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY

S1 24 Cr. 252 (VEC)

WHEREAS, on or about September 30, 2024, MALIK TYSON (the "Defendant"), and another, was charged in a Superseding Indictment, S1 24 Cr. 252 (VEC) (the "Indictment"), with, *inter alia*, conspiracy to engage in unlicensed dealing of firearms, in violation of Title 18, United States Code, Section 371 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count One of the Indictment, including but not limited to:

    a. A Taurus G2C 9mm pistol bearing the serial number TLP34059;

    b. A Cobra C25 .25 caliber pistol bearing the serial number 93165;

    c. A Dickinson Arms Tac-4 12-gauge shotgun bearing the serial number 2191101382;

    d. A Springfield Armory Hellcat .380 caliber pistol bearing the serial number 3855;

    e. A Bersa BP9CC 9mm pistol bearing the serial number K30158;

    f. A Ruger LCP .380 caliber pistol bearing the serial number 377-37028;

    g. A Ruger LCP .380 caliber pistol bearing the serial number 371910002;

    h. A Smith & Wesson SW40VE .40 caliber pistol bearing the serial number DYF8164;

    i. A Cobra Firearms CB38 .40 caliber derringer bearing the serial number CT018802;

    j. A Taurus PT738 .380 caliber pistol bearing the serial number 02977F;

    k. A Taurus PT1 1G2A 9mm pistol bearing the serial number TJZ84329;

    l. A SCCY CPX-2 9mm pistol bearing the serial number C426747;

    m. A Jimenez Arms .380 caliber pistol bearing the serial number 220727;

    n. A Diamondback Arms DB9 9mm caliber pistol bearing the serial number YP6718; and

    o. A Glock 22 .40 caliber pistol bearing the serial number MN2374PD;

(a. through o., collectively, the "Specific Property");

WHEREAS, on or about January 30, 2025, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all right, title and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes firearms and ammunition involved in or used in the offense charged in Count One of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now

entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Georgia V. Kostopoulos and Rita Maxwell, of counsel, and the Defendant and his counsel, Michael Arthus, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant MALIK TYSON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally

published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.   The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.   Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.   Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.  The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: ___*Rita Maxwell*___  7-15-25
RITA MAXWELL/GEORGIA V. KOSTOPOULOS    DATE
Assistant United States Attorneys
26 Federal Plaza, 37th Floor
New York, NY 10278
(212) 637-2206/ 2212

MALIK TYSON

By: _____  7-31-25
MALIK TYSON                           DATE

By: _____  7/31/25
MICHAEL ARTHUS, ESQ.                  DATE
Attorney for Defendant
52 Duane Street, 10th Floor
New York, NY 10007
(212)-227-8737

SO ORDERED:

_____  7-31-25
HONORABLE VALERIE E. CAPRONI    DATE
UNITED STATES DISTRICT JUDGE

Case 1:24-cr-00252-VEC    Document 87    Filed 07/31/25    Page 6 of 6